IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERESA L. MULLINS,                          :

        Plaintiff,                    :   Case No. 3:11cv407

vs.                                         :   JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,   :

        Defendant.                    :

---

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #13); PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #14) SUSTAINED; CAPTIONED CAUSE REMANDED TO DEFENDANT COMMISSIONER FOR THE PAYMENT OF BENEFITS CONSISTENT WITH THE SOCIAL SECURITY ACT, FROM OCTOBER 24, 2009; JUDGMENT TO BE ENTERED ACCORDINGLY IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On August 20, 2012, the United States Magistrate Judge filed a Report and Recommendations (Doc. #13), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, for the period from October 24, 2009 (after October 23, 2009), be affirmed. Based upon reasoning and citations of authority set forth in the Plaintiff's Objections to the Magistrate Judge's Report and Recommendations (Doc. #14), as well as upon a thorough de novo review of this Court's file, including the

Administrative Transcript (Doc. #7), and a thorough review of the applicable law, this Court rejects the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act after October 23, 2009, was not supported by substantial evidence. The Plaintiff's Objections to said judicial filing (Doc. #14) are sustained. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act after October 23, 2009, is reversed.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing

Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to

-3-

support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. This Court believes the ALJ erred in rejecting the opinion of Drs. Woodman and Flexman and, thus, finding medical improvement as of the end of the closed period of benefits on October 23, 2009.

2. Not only is the evidence of non-improvement overwhelming, the Commissioner's decision that Plaintiff's impairment had improved to the point where she could perform work activity after October 23, 2009, is not supported by substantial evidence. Rather, the Court believes that the record fully supports the conclusion that the ALJ simply "cherry-picked" certain comments from the medical reports, taking same wholly out of context in reaching her conclusion.

WHEREFORE, based upon the aforesaid, this Court rejects the Report and Recommendations of the United States Magistrate Judge (Doc. #13) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, following the end of the closed period on October 23, 2009, is not supported by substantial evidence. Plaintiff's

Objections to said judicial filing (Doc. #14) are sustained. Judgment will be ordered entered in favor of Plaintiff and against Defendant Commissioner, rejecting the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, following the end of the closed period on October 23, 2009, and remanding the captioned cause to the Defendant Commissioner, for the payment of benefits consistent with the Social Security Act, for a period beginning October 24, 2009.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 13, 2013

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record.